IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13:17-cv-714 |
| | ) | |
| | ) | |
| UNDER ARMOUR RETAIL OF | ) | Jury Demand |
| TENNESSEE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

___

**DEFENDANT UNDER ARMOUR RETAIL OF TENNESSEE, LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**
___

Responding to the numbered paragraphs in the Complaint in the same sequence as they appear, Defendant Under Armour Retail of Tennessee, LLC ("Under Armour") Answers the Complaint of the Plaintiff, John Smith ("Plaintiff"), as follows:

**FIRST DEFENSE: FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a claim for which relief may be granted against Under Armour.

**SECOND DEFENSE: ANSWER**

I. To the extent there are any factual issues set forth in the "Introduction" paragraph, Under Armour denies those allegations.

1. The allegations in Paragraph 1 of the Complaint are legal conclusions as to which no response is required.

1

2. The allegations in Paragraph 2 of the Complaint are legal conclusions as to which no response is required.

3. Under Armour lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore the allegations are denied.

4. Under Armour denies that Plaintiff has standing and thus denies that this Court is vested with jurisdiction over this matter. Under Armour admits the remaining allegations in Paragraph 4 of the Complaint.

5. Under Armour admits that is a limited liability company registered to do business in Tennessee and that it operates the Under Armour Factory store at 471 Opry Mills Drive, Nashville, TN 37214. Under Armour lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore the allegations are denied.

6. Under Armour lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore the allegations are denied.

7. Under Armour denies the allegations in Paragraph 7 of the Complaint.

8. Under Armour denies that Plaintiff has standing. Whether the Under Armour Factory store at 471 Opry Mills Drive, Nashville, TN 37214 is a place of public accommodation is a legal conclusion as to which no response is required. Under Armour lacks knowledge or information sufficient to form a belief about the truth of the allegations as to Plaintiff being disabled in Paragraph 8 of the Complaint and therefore the allegations are denied. Under Armour denies the remaining allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint are legal conclusions as to which no response is required.

10. Under Armour admits that the Under Armour Factory store at 471 Opry Mills Drive, Nashville, TN 37214 is a retail store selling athletic apparel. The remaining allegations in Paragraph 10 of the Complaint are legal conclusions as to which no response is required.

11. Upon information and belief Under Armour admits that Opry Mills Mall was built in or about 2000 and was closed after the May 2010 flood until approximately March 2012 after reconstruction. Any remaining allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 of the Complaint are legal conclusions as to which no response is required.

13. The allegations in Paragraph 13 of the Complaint are legal conclusions as to which no response is required.

14. The allegations in Paragraph 14 of the Complaint are legal conclusions as to which no response is required.

15. Under Armour denies any allegations in Paragraph 15 of the Complaint that are not legal conclusions; no response is required as to the legal conclusions.

16. Under Armour denies the allegations in Paragraph 16 of the Complaint.

17. Under Armour is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences and the last sentence of Paragraph 17 of the Complaint and therefore the allegations are denied. Under Armour denies the allegations in the fourth sentence of Paragraph 17. The fifth sentence of Paragraph 17 contains legal conclusions to which no response is required.

18. The allegations in Paragraph 18 of the Complaint are legal conclusions as to which no response is required.

19. Under Armour is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 of the Complaint and therefore the allegations are denied. The allegations specific to alleged violations of the ADA are set forth in the letter paragraphs below that coincide with Plaintiff's Complaint. Any remaining allegations are denied.

   a) Under Armour denies the allegations in (a).

      A. Under Armour denies the allegations in A, including without limitation the allegations in (A)(i) and (A)(ii).

      B. Under Armour denies the allegations as stated and states that Under Armour's checkout counter is in compliance with the ADA.

      C. Under Armour denies the allegations in C.

      D. Under Armour denies the allegations in D.

      E. Under Armour denies the allegations in E.

      F. Under Armour denies the allegations in F.

      G. Under Armour denies the allegations in G.

      H. Under Armour denies the allegations in H.

   b) Under Armour denies the allegations in (b), including without limitation the allegations in (b)(i)-(b)(vi).

   c) Under Armour denies the allegations in (c), with the exceptions noted in certain subparts as follows:.

4

i. Under Armour denies the allegations in (c)(i), with the exceptions of any specific admissions noted in subparts (c)(ii)-(iv) and (c)(xiii)as follows:

ii. Under Armour denies that directional signage is required, but admits that it did lack signage for the accessible dressing room, which has been remedied.

iii. Under Armour admits that it did lack signage for the accessible dressing room, which has been remedied.

iv. Under Armour denies the allegations in (c)(iv), except it admits the robe hook needed to be lowered by 3/8 of an inch, which has been remedied.

v. Under Armour denies the allegations in (c)(v).

vi. Under Armour denies the allegations in (c)(vi).

vii. Under Armour denies the allegations in (c)(vii).

viii. Under Armour denies the allegations in (c)(viii).

ix. Under Armour denies the allegations in (c)(ix).

x. Under Armour denies the allegations in (c)(x).

xi. Under Armour denies the allegations in (c)(xi).

xii. Under denies the allegations in (c)(xii).

xiii. Under Armour denies the allegations in (c)(xiii), except it admits the robe hook needed to be lowered by 3/8 of an inch, which has been remedied.

xiv. Under Armour denies the allegations in (c)(xiv).

d) Under Armour denies the allegations in (d).

e) Under Armour denies the allegations in (e).

f) Under Armour denies the allegations in (f).

g) Under Armour Under Armour denies the allegations in (g), including without limitation the allegations in subparts (g) (i)-(vi).

20. Under Armour denies the allegations in Paragraph 20, with the exception of items noted in (c)(iii) and (c)(iv).

21. Under Armour denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 of the Complaint are legal conclusions as to which no response is required.

23. Under Armour incorporates its responses to Paragraphs 1-22 above.

24. The allegations in Paragraph 24 of the Complaint are legal conclusions as to which no response is required.

25. The allegations in Paragraph 25 of the Complaint are legal conclusions as to which no response is required.

26. The allegations in Paragraph 26 of the Complaint are legal conclusions as to which no response is required.

27. The allegations in Paragraph 27 of the Complaint are legal conclusions as to which no response is required.

28. The allegations in Paragraph 28 of the Complaint are legal conclusions as to which no response is required.

29. The allegations in Paragraph 29 of the Complaint are legal conclusions as to which no response is required.

30. The allegations in Paragraph 30 of the Complaint are legal conclusions as to which no response is required.

31. The allegations in Paragraph 31 of the Complaint are legal conclusions as to which no response is required.

32. Under Armour denies the allegations in Paragraph 32 of the Complaint.

33. Under Armour denies the allegations in Paragraph 33 of the Complaint.

34. Under Armour denies the allegations in Paragraph 34, with the exception of items noted in (c)(iii) and (c)(iv).

35. Under Armour denies the allegations in Paragraph 35 of the Complaint.

36. Under Armour denies the allegations in Paragraph 36 of the Complaint.

37. Under Armour denies the allegations in Paragraph 37 of the Complaint.

38. Under Armour denies the allegations in Paragraph 38 of the Complaint.

39. Under Armour denies the allegations in Paragraph 39 of the Complaint.

40. Under Armour denies the allegations in Paragraph 40 of the Complaint.

41. Under Armour admits that it operates and leases the Under Armour retail store located at 471 Opry Mills Drive, Nashville, Tennessee. Any remaining allegations in Paragraph 41 are legal conclusions to which no response is required.

42. The allegations of Paragraph 42 are legal conclusions to which no response is required.

43. The allegations of Paragraph 43 are legal conclusions to which no response is required.

44. Under Armour denies the allegations in Paragraph 44 of the Complaint.

45. The allegations of Paragraph 45 are legal conclusions to which no response is required.

46. Under Armour incorporates its responses to Paragraphs 1-45.

47. The allegations of Paragraph 47 are legal conclusions to which no response is required.

48. The allegations of Paragraph 48 are legal conclusions to which no response is required.

49. The allegations of Paragraph 49 are legal conclusions to which no response is required.

50. The allegations of Paragraph 50 are legal conclusions to which no response is required.

51. The allegations of Paragraph 51 are legal conclusions to which no response is required.

52. The allegations of Paragraph 52 are legal conclusions to which no response is required.

53. The allegations of Paragraph 53 are legal conclusions to which no response is required.

54. The allegations of Paragraph 54 are legal conclusions to which no response is required.

55. The allegations of Paragraph 55 are legal conclusions to which no response is required.

56. The allegations of Paragraph 56 are legal conclusions to which no response is required.

57. Under Armour denies the allegations in the first sentence of Paragraph 57 of the Complaint. Under Armous lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 57 of the Complaint and therefore the allegations are denied. Under Armour denies the remaining allegations in Paragraph 57, with the exception of items noted in (c)(iii) and (c)(iv).

58. The allegations of Paragraph 58 are legal conclusions to which no response is required.

59. The allegations of Paragraph 59 are legal conclusions to which no response is required.

60. Under Armour denies the allegations in the first two sentences of Paragraph 60. The remaining allegations are legal conclusions to which no response is required.

61. Under Armour denies the allegations in Paragraph 61 of the Complaint.

62. Under Armour denies the allegations in Paragraph 62 of the Complaint.

63. Under Armour denies the allegations in Paragraph 63 of the Complaint.

64. Under Armour denies the allegations in Paragraph 64 of the Complaint.

65. The allegations of Paragraph 65 are legal conclusions to which no response is required.

66. Under Armour incorporates its responses to Paragraphs 1-65.

67. The allegations of Paragraph 67 are legal conclusions to which no response is required.

68. The allegations of Paragraph 68 are legal conclusions to which no response is required.

69. The allegations of Paragraph 69 are legal conclusions to which no response is required.

70. The allegations of Paragraph 70 are legal conclusions to which no response is required.

71. The allegations of Paragraph 71 are legal conclusions to which no response is required.

72. Under Armour admits that it operates and leases the Under Armour Factory store located at 471 Opry Mills Drive in Nashville, Tennessee, and that it was involved in the design and the interior build out of the store and that such occurred after January 1993. Any remaining allegations in Paragraph 72 are denied.

73. The allegations in the first sentence of Paragraph 73 are legal conclusions to which no response is required. Under Armour denies the remaining allegations in Paragraph 73 of the Complaint.

74. Under Armour denies the allegations in Paragraph 74 of the Complaint.

75. Under Armour denies the allegations in Paragraph 75 of the Complaint.

76. Under Armour denies the allegations in Paragraph 76 of the Complaint..

77. The allegations of Paragraph 77 are legal conclusions to which no response is required.

## **GENERAL DENIAL**

Under Armour denies any allegations not specifically admitted above and denies that the Plaintiff is entitled to any form of relief.

## THIRD DEFENSE: AFFIRMATIVE DEFENSES

To the extent they may constitute affirmative defeneses, Under Armour states:

### FIRST AFFIRMATIVE DEFENSE

The facts may demonstrate that venue and jurisdiction are not proper with this Court.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action and it should therefore be dismissed.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff is insufficiently identified in the Complaint, particularly in that the Plaintiff has the common name of "John Smith" with no middle name, address, birth date, and/or any other information provided sufficient to identify the existence and identity of the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, *res judicata*, release, discharge, and accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any violations of the ADA exist, any such violations are minor and unintentional and Under Armour intends to bring its Opry Mills store into compliance with the ADA.

### SIXTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff failed to institute and/or exhaust administrative remedies as required by 42 U.S.C. 12188(a) and 42 U.S.C. 2000a-3(c), this action should be dismissed with costs taxed to the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent the Plaintiff failed to pursue, initiate, or propose the use of alternative means of dispute resolution as encoraged by 42 U.S.C. 12212, the action should be dismissed with costs taxed to the Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent this action is barred by any applicable statute of limitation or repose, it should be dismissed.

**NINTH AFFIRMATIVE DEFENSE**

To the extent the Plaintiff failed to mitigate his damages, if any, and/or his attorneys' fees and costs, this action should be dismissed with costs taxed to the Plaintiff.

**RESERVATION OF RIGHTS**

Under Armour reserves the right to supplement its Answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its Answer accordingly.

WHEREFORE, Under Armour demands:

1. That the First Amended Complaint be dismissed in its entirety with costs taxed to the Plaintiff;
2. That the Court award costs and attorney fees to Under Armour; and
3. That the Court grant such other and further general relief as it deems appropriate in this cause.

*/s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler (TN BPR #16139)
Sarah B. Miller (TN BPR #33441)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615)742-6289

*Attorney for Defendant,
Under Armour Retail of Tennessee, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on May 12, 2017 via CM/ECF upon the following:

Michael F. Braun
The ADA Group LLC
P.O. Box 364
Brentwood, TN 37024

L. Landis Sexton
Tracy G. BirdSong
The ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106

*Attorneys for the Plaintiff*

*/s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler
